CAROLYN McDADE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDade v. Commissioner
Docket No. 22053-80.
United States Tax Court
T.C. Memo 1981-282; 1981 Tax Ct. Memo LEXIS 462; 42 T.C.M. (CCH) 32; T.C.M. (RIA) 81282; June 9, 1981
Carolyn McDade, pro se. Paul J. Dee, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 781.00 in petitioner's Federal income tax for 1979 and an addition to tax of $ 39.05 for negligence under section 6653(a), Internal Revenue Code of 1954. The case is before us on respondent's motion to dismiss the petition for failure to state a claim upon which relief can be granted. On her 1979 Federal income tax return, petitioner claimed "war crimes deduction" in the amount of $ 3,325. In her petition, petitioner sought to justify her deduction on the ground that "[s]ince the taking of life is the most serious moral question a person can encounter, it is not something that a government can require its citizens to participate *463 in." Petitioner repeated this position in her statement at the hearing on respondent's motion, asserting that the tax money represented by the claimed deduction had been given to a fund of the New England War Tax Resistance. [1] Neither in her petition nor at the hearing did petitioner put in issue the addition to tax for negligence under section 6653(a), Internal Revenue Code of 1954. As the Court explained to petitioner at trial, there is no provision for a deduction as claimed by petitioner and it has long been established that, no matter how sincere a taxpayer's beliefs may be, such a deduction is not allowable. E.g., Egnal v. Commissioner, 65 T.C. 255, 263 (1975); Russell v. Commissioner, 60 T.C. 942, 947 (1973); Graves v. Commissioner, T.C. Memo. 1981-154, and cases cited *464 at note 5 thereof; cf. Tingle v. Commissioner, 73 T.C. 816 (1980); Van Tol v. Commissioner, T.C. Memo. 1981-237. Accordingly, we hold that respondent should prevail, and his motion to dismiss will be granted. An appropriate order and decision will be entered. Footnotes
1. There is no indication in the record that the fund was a tax-exempt organization to which contributions would qualify as a charitable deduction under section 170 of the Internal Revenue Code↩, nor did petitioner in her petition or at the hearing on respondent's motion make any claim that such was the case.